IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:07cr222-MHT |
| | ) | (WO) |
| COURTNEY D. FLOWERS | ) | |

OPINION AND ORDER

This cause is before the court on defendant Courtney D. Flowers's motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, now set for September 22, 2008, should be continued.

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

>        offense shall commence within seventy
>        days from the filing date (and making
>        public) of the information or
>        indictment, or from the date the
>        defendant has appeared before a judicial
>        officer of the court in which such
>        charge is pending, whichever date last
>        occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   § 3161(h)(8)(A).   In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  § 3161(h)(8)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Flowers in a speedy trial. The additional time will allow Flowers to dispose of his

pending criminal charges in state court, freeing his counsel to prepare for the above-captioned case. In addition, one of Flowers's codefendants has already disposed of his case in state court. Moreover, the government does not oppose the continuance.

Accordingly, it is ORDERED as follows:

(1) Defendant Courtney Flowers's motion for a continuance (doc. no. 83) is granted.

(2) Defendant Flowers's jury selection and trial, now set for September 22, 2008, are reset for January 5, 2009, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 18th day of September, 2008.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE